**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| NELSON JULIAN SALCEDO DURAN, Petitioner, | ) | |
| v. | ) | Case No. 6:26-cv-03376-MBB |
| JIM C. ARNOTT, et al., Respondents. | ) | |

**ORDER**

Petitioner Nelson Julian Salcedo Duran petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing and wrongfully transferred him to Greene County Jail in Springfield, Missouri. (**Doc. 1**, pp. 13-14). He asks the Court to order the Government to immediately release him. (***Id.*** at p. 7). He also asks for an expedited ruling. (**Doc. 6**). Because Petitioner's parole revocation, detention, and transfer do not violate the Immigration and Nationality Act (the "INA") or procedural due process, and because relief is not available under the Administrative Procedure Act (the "APA"), the petition is DENIED.

**Background**

Petitioner, a citizen of Colombia, entered the United States illegally in 2022. (**Doc. 5-6**, p. 1). DHS paroled him into the country under 8 U.S.C. 1182(d)(5). (**Doc. 5-1**, p. 1); (**Doc. 5-5**, p. 1). Petitioner applied for asylum. (**Doc. 5-7**). He alleges that DHS granted him employment authorization. (**Doc. 1**, p. 6). On June 9, 2026, DHS determined that "[n]either urgent humanitarian reasons nor significant public benefit warrant[ed his] continued parole." (**Doc. 5-1**, p. 1). *See* **8 U.S.C. § 1182(d)(5)(A)**. DHS revoked his parole and detained him without bond

pending removal proceedings under 8 U.S.C. § 1225(b)(2)(A). (***Id.***); (**Doc. 4**, p. 2). Petitioner alleges that DHS initially detained him at a facility in Indiana, then transferred him to Greene County Jail in Springfield, Missouri eight days later, where he remains. (**Doc. 1**, p. 12). On June 26, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that his detention without bond and subsequent transfer violated the INA, the Due Process Clause of the Fifth Amendment, and the APA. (***Id.*** at pp. 13-23, 25).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention and subsequent transfer did not violate the INA or his right to procedural due process. And relief is not available under the APA.

**I. Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).**

Petitioner argues that his mandatory detention under Section 1225(b)(2)(A) is unlawful. That Section says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt

entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). "An alien who is paroled . . . shall not be considered to have been admitted." **8 U.S.C. § 1101(a)(13)(B)**. "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," he is also "seeking admission." ***Avila***, 170 F.4th at 1134.

Petitioner, a Colombian citizen, does not allege that he was admitted to the United States. His parole did not bestow admission. *See* **8 U.S.C. § 1101(a)(13)(B)**; ***Sanchez***, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). He acknowledges ongoing removal proceedings. He is present in the United States without having "made lawful entry into the country." *See* ***Avila***, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that he is "clearly and beyond a doubt entitled to be admitted." **8 U.S.C. § 1225(b)(2)(A)**. He is properly detained under Section 1225(b)(2)(A).

## II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also* ***Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding

admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See* ***Demore***, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings. ***Id.*** at 527-29 (explaining that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Baynee***, 115 F.4th at 932, *quoting* ***Demore***, 538 U.S. at 527.

Petitioner's detention does not violate procedural due process because it comports with Section 1225(b)(2)(A). Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings. **8 U.S.C. § 1225(b)(2)(A)**. Petitioner concedes that his removal proceedings are pending. Because Section 1225(b)(2)(A) requires detention of removable aliens pending deportation proceedings, procedural due process requires no more. *See* ***Baynee***, 115 F.4th at 932.

Petitioner claims that parole gave him a liberty interest, which the Government may not suspend without notice and a hearing. He cites several district court cases for support. But "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." ***Camreta v. Greene***, 563 U.S. 692, 709 n.7 (2011). Regardless, parole did not grant Petitioner admission to the United States. *See* **8 U.S.C. § 1101(a)(13)(B)**. So the Government may detain him "simply by reference to the legislative scheme." *See* ***Baynee***, 115 F.4th at 932. The legislative scheme gives the Government discretion to revoke parole and detain and aliens, which they exercised here. *See* **8 U.S.C. § 1182(d)(5)(A)**; **8 U.S.C. § 1226(b)**. The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**.

Petitioner cites *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), arguing that he is entitled to relief because the Government revoked his release without following certain procedures in 8 C.F.R. § 212.5(e)(2)(i). That regulation reads, in relevant part: "[W]hen . . . neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien." **8 C.F.R. § 212.5(e)(2)(i)**. Petitioner points to a parole termination letter that was allegedly signed 2 hours after his arrest. (**Doc. 5-1**). He claims the 2-hour gap between his arrest and notice of his parole revocation is a due process violation sufficient to warrant his immediate release. He is wrong.

Nearly 70 years after *Accardi*, the Supreme Court held that an alien who has not been admitted "has no entitlement to procedural rights other than those afforded by statute." *See* ***Thuraissigiam***, 591 U.S. at 107. As discussed, the relevant statute grants the Government broad authority to revoke Petitioner's release. Even assuming that 8 C.F.R. § 212.5(e)(2)(i) grants Petitioner procedural rights beyond those provided by statute, his argument still fails. Section 212.5(e)(2)(i) does not prohibit DHS from arresting an alien before serving a notice of parole revocation on him. Ordering Petitioner's release because of a 2-hour difference between his arrest and notice of parole revocation would be the kind of "rigorous judicial oversight" of immigration matters that the Supreme Court has expressly rejected. *See* ***Department of State v. Munoz***, 602 U.S. 899, 910 (2024). His argument that he was transferred to the Greene County Jail contrary to ICE policy suffers the same fate. Though his reliance on internal ICE policy is more tenuous. *See* ***United States v. Lee***, 274 F.3d 485, 493 (8th Cir. 2001) (holding that an agency manual "may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party").

## III. Relief is not available under the APA.

The APA "provides for review of a final agency action for which there is no other adequate remedy in a court." *See* ***Union Pac. R.R. Co. v. United States R.R. Ret. Bd.***, 162 F.4th 908, 917 (8th Cir. 2025) (internal quotation marks omitted). The "no other adequate remedy" requirement ensures "that the APA's general grant of jurisdiction to review agency decisions is not duplicative of more specific statutory procedures for judicial review." ***Bangura v. Hansen***, 434 F.3d 487, 501 (6th Cir. 2006); ***Bowen v. Massachusetts***, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Alien detainee claims challenging the validity of their confinement "fall within the core of the writ of habeas corpus and thus must be brought in habeas." ***Trump v. J. G. G.***, 604 U.S. 670, 672 (2025) (internal quotation marks omitted) (explaining that APA claims and habeas claims follow different litigation paths).

Even if Petitioner challenges a final agency action, this petition provides judicial review of the Government's decision to detain him without bond. As discussed, 28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas***, 533 U.S. at 687. So there is an "adequate remedy in court," which precludes Petitioner's APA claim. *See* ***Union Pac. R.R.***, 162 F.4th at 917. *See also* ***Dominguez v. Mordant***, 2026 WL 1098252, at *3 (M.D. Fla. Apr. 23, 2026) (prohibiting a petitioner from "[t]rying to shoehorn a freestanding APA challenge into a habeas petition"); ***Richmond v. Scibana***, 387 F.3d 602, 606 (7th Cir. 2004) (holding that a petition for habeas corpus may not be converted to a civil suit, which has many procedural differences).

## Conclusion

Petitioner's detention without bond did not violate the INA or his right to procedural due process. And his APA claim fails. The Petition for a Writ of Habeas Corpus (**Doc. 1**) is DENIED. Petitioner's Motion for an Expedited Ruling (**Doc. 6**) is DENIED as MOOT.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2026